**SANDERS LAW, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *csanders@sanderslawpllc.com*
*Attorneys for Plaintiff*
Our File No.: 111414

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY R. BARSHAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KOHL'S CORPORATION and KOHL'S DEPARTMENT STORES, INC.<br><br>Defendants. | Docket No:<br><br>**COMPLAINT—CLASS ACTION**<br><br>JURY TRIAL DEMANDED |

SYDNEY R. BARSHAY, individually and on behalf of all others similarly situated, (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against KOHL'S CORPORATION and KOHL'S DEPARTMENT STORES, INC. (hereinafter referred to collectively as "KOHLS"), as follows:

1

## INTRODUCTION

1. This action seeks to recover for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, KOHLS conducted business within the State of California.

## PARTIES

5. Plaintiff is an individual who is a citizen of the California.

6. Plaintiff is a natural person residing in Yorba Linda, California 92886.

7. KOHLS is a corporation with its principal place of business located at 65E West, 170000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051.

8. KOHLS is a "person" as defined by 47 U.S.C. § 153(39).

## ALLEGATIONS

9. Plaintiff has a cellular telephone assigned the cellular telephone number 1-714-469-XXXX.

10. Plaintiff has had the same telephone number for at least two (2) years.

11. Beginning in May or June, 2016, on an exact date known only to KOHLS, KOHLS began calling Plaintiff's cellular phone using an automatic

telephone dialing system.

12. Beginning in May or June, 2016, on an exact date known only to Kohls, Kohls began calling Plaintiff's cellular phone using an artificial or prerecorded voice.

13. KOHLS called from telephone numbers 1-262-703-1977 and 1-262-704-9780.

14. Such telephone numbers are owned by KOHLS.

15. Such calls occurred serially on June 26, June 28, June 30, July 1, July 3, July 5, July 6, and July 7, 2016, as well as other dates.

16. Certain calls were answered by Plaintiff.

17. Certain calls were received by Plaintiff's voicemail.

18. Plaintiff is not a customer of KOHLS and did not give KOHLS consent to call her cellular telephone using an auto-dialer.

19. Plaintiff is not a customer of KOHLS and did not give KOHLS consent to call her cellular telephone using an artificial or prerecorded voice.

20. KOHLS' calls were not for emergency purposes.

21. KOHLS' calls were unwanted by Plaintiff.

22. KOHLS acted willfully.

23. KOHLS acted with full knowledge that its actions were unlawful.

24. 47 U.S.C. § 227(b)(1) provides: "It shall be unlawful for any person within the United States – (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) .... using any automatic telephone dialing system or an artificial or prerecorded voice... (iii) to any ... cellular telephone service."

25. KOHLS' conduct, as described herein, violated 47 U.S.C. § 227.

26. KOHLS' conduct, as described herein, caused Plaintiff's voicemail to become full.

27. KOHLS' conduct, as described herein, was an electronic intrusion upon Plaintiff's cellular phone.

28. KOHLS' conduct, as described herein, caused Plaintiff's cellular phone's battery to become depleted, causing Plaintiff to use electricity to recharge same.

29. KOHLS' conduct, as described herein, was an invasion of Plaintiff's privacy.

30. KOHLS' conduct, as described herein, caused Plaintiff annoyance and aggravation.

31. KOHLS' conduct, as described herein, caused Plaintiff to waste time.

32. KOHLS' conduct, as described herein, caused Plaintiff to be distracted.

## CLASS ALLEGATIONS

33. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of California.

34. The class consists of, "All persons within the State of California who received calls from KOHLS to such person's cellular telephone, initiated by KOHLS through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice, without consent, within the four years prior to the filling of the Complaint."

35. The Class consists of many more than 50 persons.

36. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this Complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

37. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. KOHLS has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

38. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because KOHLS' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under the TCPA, consumer protection laws and common law.

## JURY DEMAND

39. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that KOHLS' actions violate the TCPA; and

d.  Grant statutory damages against KOHLS pursuant to 47 U.S.C. § 227(b)(3)(C) and/or 47 U.S.C. § 227(b)(3)(B), for each and every violation; and

e.  Pursuant to 47 U.S.C. § 227(b)(3)(A), grant injunctive relief prohibiting such conduct in the future.

f.  Grant Plaintiff attorneys' fees as permitted by law; and

g.  Grant Plaintiff costs; together with

h.  Such other relief that the Court determines is just and proper.

DATED: July 14, 2016

**SANDERS LAW, PLLC**

By: /s/ Craig B. Sanders_____
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *csanders@sanderslawpllc.com*
*Attorneys for Plaintiff*